IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02347-WYD-MEH

ANDREW HATTENDORF, an individual,

    Plaintiff,

v.

US ONCOLOGY, INC., a Delaware Corporation, ACCESSMED, INC., a Kansas Corporation, and LARRY DEANS, an individual,

    Defendants.

_____

## PROTECTIVE ORDER

_____

Under FED.R.CIV.P. 26(c), to (i) protect the discovery and dissemination of Confidential personnel and personal Documents and information about employees, and trade secret or other Confidential research, development, or commercial information, and (ii) facilitate the prompt resolution of disputes over confidentiality, it is HEREBY ORDERED that:

1. This Protective Order shall apply to all Documents, materials or information produced or provided by the parties during the course of discovery in the above-styled matter which may be designated as "Confidential Information," so long as the designating party has a good faith belief that such Document or information is entitled to confidentiality under the terms of this Order.

2. For purposes of this Order, "Confidential" means (i) any personnel or personal information or Documents regarding current or former employees of Defendants and their parents or subsidiaries, (ii) trade secrets or other non-public proprietary, strategic or commercial information, data or research of Defendants or one or more of its subsidiaries, and (iii) any aggregation of Confidential information or Documents. The identification of an individual

Document or category of Documents or information as Confidential under this Paragraph may be challenged pursuant to paragraph 7 of this Order.

3. For purposes of this Order, "Document" is defined as provided in FED.R.CIV.P. 34(a), and includes all written, recorded, or graphic material, in hard copy or electronic format, including but not limited to deposition transcripts and exhibits, trial and hearing transcripts and exhibits, pleadings, motions, affidavits, and briefs that may quote, summarize, or contain Confidential Documents or information.

4. A. Either party may designate as Confidential any information it reasonably believes to be Confidential.

B. To designate Documents or information as Confidential, a party shall (i) place a legend or stamp upon Documents produced to opposing counsel in a way that brings the designation to the attention of a reasonable examiner, or otherwise puts opposing counsel, or anyone else authorized to have access to such Documents, on reasonable notice that it contains Confidential information, and (ii) notify opposing counsel that any Documents or information he has in his possession, custody, or control are considered, in good faith, to be Confidential. If a party deems any Documents or information in the opposing party's possession, custody, or control to be Confidential, the opposing party shall (i) mark any Documents including Confidential information as Confidential in a way that brings the designation to the attention of a reasonable examiner, or otherwise puts the all parties, or anyone else authorized to have access to such Documents, on reasonable notice that it contains Confidential information, and (ii) treat the Documents or information as Confidential Pending any challenge pursuant to paragraph 7 of this Order. To designate testimony (or exhibits referred to therein) as Confidential, a party shall (i) make an oral statement to that effect on the record, or (ii) notify the opposing party, or anyone

else authorized to have access to such Documents or information, in writing, at any time up until twenty (20) days after receipt of the transcript. All Documents to be designated as Confidential shall be marked prior to the provision of a physical copy thereof to the opposing party. If such Documents have already been produced, the party shall notify the other party immediately that such Documents shall be marked and deemed Confidential under the terms of this Order.

To the extent not inconsistent with any other paragraph, this paragraph shall govern Documents or information that has been produced and inadvertently not initially designated Confidential. The initial failure to designate Documents or information in accordance with this Protective Order shall not preclude a party, at a later date, from designating any Documents information as Confidential. A party, by written notice to counsel of record for opposing party, may designate previously produced Documents or information as Confidential which it had inadvertently failed to designate as Confidential. Upon receipt of such notice, the other party shall promptly mark its copies of the Documents accordingly, shall thereafter treat the Documents or information as if it has been designated Confidential, shall restrict the disclosure or use of such Documents or information only to those persons qualified pursuant to this Order, and if such Documents or information has previously been disclosed to persons not qualified pursuant to this Order, take reasonable steps to obtain all such previously disclosed Documents or information and advise such persons to treat the designated Documents or information confidentially as though originally so designated.

5. The parties shall use Confidential Documents and information solely in connection with this litigation, and shall not disclose Confidential Documents and information to any person except:

    a)     The Court, its officers (including court reporters) and jurors;

b) Counsel of record in this action and employees of counsel in this action;

c) Experts or litigation consultants engaged by either party to assist in this litigation, provided that these expert witnesses or litigation consultants expressly agree to be bound by the terms of this Order and not to disclose Confidential Documents and information except as permitted herein;

d) Fact witnesses or potential fact witnesses providing information to any counsel of record or testimony by deposition or at any court proceeding in this case but only in accordance with the procedures set forth in paragraph 8 of this Order; and

e) Other persons by written agreement of the parties.

6. The parties shall disclose Confidential Documents and information to persons set forth in paragraph 5(d), of this Order only under the conditions set forth below:

   a) Prior to disclosure of Confidential Documents or information to persons described in paragraph 5(d), the Recipient shall advise that person that, pursuant to this Order, he or she may not divulge such information to any other individual.

   b) At least seven days before the disclosure of Confidential Documents or information to persons identified in paragraphs 5(d), the party shall advise the opposing counsel of the planned disclosure.

   c) Any person who receives Confidential Documents or information pursuant to paragraph 5(d), shall execute an Agreement in the form annexed hereto as Exhibit A. Each original, executed Agreement shall be maintained by the party or his counsel and shall be available for review by opposing counsel upon reasonable notice.

   d) If a party discloses Confidential Documents or information pursuant to paragraph 5(d), that party shall maintain a list specifically identifying the persons to whom the Confidential Documents or information were disclosed and the Bates number and/or other means sufficient to identify such information disclosed.

7. If a party disputes the other party's designation of information, individual Documents, or a category of Documents as Confidential, the party shall notify the opposing counsel of record in writing of such dispute. In an effort to settle such dispute without judicial intervention, the parties shall meet and confer to determine if the restrictions imposed by this

Order are warranted with respect to such disputed Confidential Documents or information. If resolution of the dispute cannot be reached, the designating party may move the Court for an Order addressing the designation of such Documents or information as Confidential. In connection with such a motion, the designating party shall bear the burden to show that the Documents or information is entitled to continued protection under the Federal Rules of Civil Procedure and applicable case law. During the pendency of such dispute or motion and until the court may rule otherwise, the Documents or information designated Confidential shall remain subject to the designations and restrictions of this Order.

8. Inadvertent failure to designate Documents or information as Confidential shall not be construed as a waiver, in whole or in part, and may be corrected by the party by written notification to the other party promptly upon discovery of the inadvertent failure to designate the Documents or information as Confidential.

9. The duty to keep confidential any information or Documents designated as Confidential survives the completion of this case. Within one hundred (100) days after the conclusion of this litigation, by adjudication (including appeals) or otherwise, the parties shall, at the written request of the party who designated the confidential documents, destroy all copies of Confidential Documents or information and any Document incorporating such information. If requested by the designating party in a timely manner, the other party will certify, in writing, that all such materials have been destroyed.

10. Confidential Documents and information shall not be disclosed by the Plaintiff through filings in this case without three (3) days' advanced notice, in writing, to the Defendants' counsel of record in this case. The purpose of this advance notice is to allow the Defendants to move for an Order, if warranted, requiring the Plaintiff to file any Documents

including Confidential Documents or information under seal pursuant to D.C.Colo.LCivR 7.3.

11. Nothing in this Order shall prohibit any party from objecting to the production or disclosure of Confidential Documents or information. Furthermore, nothing in this Order shall preclude the parties from objecting to the admissibility or use of Confidential Documents or information.

12. If either party discloses Confidential Documents or information in a manner not authorized herein, that party must immediately, and in writing, notify the other party of all pertinent facts relating to such disclosure and, without prejudice to the other party's rights and remedies, make every effort to prevent further disclosure by the disclosing party or the person to whom the information was disclosed.

13. The Court shall retain jurisdiction, both before and after the entry of final judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the provisions of this Order.

14. The parties shall have the right to seek modification of this Order from the Court upon showing of good cause.

Dated at Denver, Colorado this 11th day of May, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

# EXHIBIT A

# AGREEMENT CONCERNING INFORMATION COVERED BY THE STIPULATED PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

The undersigned hereby acknowledges that he/she has read the Protective Order ("Order") in *Andrew Hattendorf v. US Oncology, Inc., et al.,* Case No. 1:06-cv-02347-WYD-MEH and understands its terms, agrees to be bound by each of those terms, and agrees to subject himself/herself personally to the jurisdiction of The United States District Court for the District of Colorado for the purpose of enforcing its terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any Confidential Documents or information made available to him/her other than in accordance with the Order.

Dated:_____, 2007.


By:_____


_____
(Type or print name of individual)